

# Notice of Service of Process

**KSB / ALL**
**Transmittal Number: 30451732**
**Date Processed: 12/17/2024**

| | |
|---|---|
| Primary Contact: | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| Entity: | State Farm Fire and Casualty Company<br>Entity ID Number  3461650 |
| Entity Served: | State Farm Fire and Casualty Company |
| Title of Action: | Christian Comarda vs. State Farm Fire and Casualty Company |
| Matter Name/ID: | Christian Comarda vs. State Farm Fire and Casualty Company (16647763) |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Contract |
| Court/Agency: | Jefferson Parish District Court, LA |
| Case/Reference No: | 858920 J |
| Jurisdiction Served: | Louisiana |
| Date Served on CSC: | 12/16/2024 |
| Answer or Appearance Due: | 21 Days |
| Originally Served On: | Secretary Of State |
| How Served: | Certified Mail |
| Sender Information: | Cossé Law Firm, LLC<br>504-588-9500 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**Exhibit A - Petition for Damages** Claim #18-57W4-26H
1
December 31, 2024
92

# State of Louisiana
## Secretary of State

12/13/2024

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

STATE FARM FIRE & CASUALTY COMPANY
STATE FARM INSURANCE COMPANIES
C/O CORPORATION SERVICE COMPANY
450 LAUREL STREET, 8TH FLOOR
BATON ROUGE, LA  70801

Suit No.: 858920
24TH JUDICIAL DISTRICT COURT
JEFFERSON PARISH

CHRISTIAN COMARDA
vs
STATE FARM FIRE AND CASUALTY CO

Dear Sir/Madam:

I am enclosing a citation served in regard to the above entitled proceeding. If you are not the intended recipient of this document, please return it to the above address with a letter of explanation. All other questions regarding this document should be addressed to the attorney that filed this proceeding.

Yours very truly,

NANCY LANDRY
Secretary of State

Served on: NANCY LANDRY  
Served by: J SHOWS

Date: 12/12/2024  
Title: DEPUTY SHERIFF

No: 1348009

JN

Exhibit A - Petition for Damages
2

Claim #18-57W4-26H
December 31, 2024
93

(101) CITATION: PETITION FOR DAMAGES;            241118-6966-5

## 24TH JUDICIAL DISTRICT COURT
### PARISH OF JEFFERSON
### STATE OF LOUISIANA

CHRISTIAN COMARDA            Case: 858-920    Div: "J"
    versus                          P 1 CHRISTIAN COMARDA
STATE FARM FIRE AND CASUALTY COMPANY

To: STATE FARM FIRE AND CASUALTY COMPANY
THROUGH ITS REGISTERED AGENT
LOUISIANA SECRETARY OF STATE        #2069 $50.00 S/S
8585 ARCHIVES AVENUE                   #2070 $40.44 EBR
BATON ROUGE LA 70809

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, **within (21) TWENTY-ONE CALENDAR days after the service hereof, under penalty of default.**

This service was requested by attorney IRVY E. COSSE III and was issued by the Clerk of Court on the 18th day of November, 2024.

                       /s/ Donna G. Muscarello
                       Donna G. Muscarello, Deputy Clerk of Court for
                       Jon A. Gegenheimer, Clerk of Court

_____ SERVICE INFORMATION _____

(101) CITATION: PETITION FOR DAMAGES;           241118-6966-5

Received:_____ Served:_____ Returned:_____

Service was made:
    ___ Personal        ___ Domicilary _____

Unable to serve:
    ___ Not at this address     ___ Numerous attempts _____ times
    ___ Vacant                  ___ Received too late to serve
    ___ Moved                  ___ No longer works at this address
    ___ No such address       ___ Need apartment / building number
    ___ Other _____

Service: $_____ Mileage: $_____ Total: $_____

Completed by:_____ # _____
                 Deputy Sheriff
Parish of: _____

SERVED ON
NANCY LANDRY

DEC 12 2024

SECRETARY OF STATE
COMMERCIAL DIVISION



24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. **858920**  DIVISION "**J**"

### CHRISTIAN COMARDA

**VERSUS**

### STATE FARM FIRE AND CASUALTY COMPANY

FILED: _____     _____
                                    DEPUTY CLERK

---

### PETITION FOR DAMAGES

---

NOW INTO COURT, comes Plaintiff, **CHRISTIAN COMARDA** (hereinafter referred to as "**Plaintiff**"), who persons of the full age of majority and residents of the Parish of Jefferson, who respectfully file this Petition for Damages requesting relief as follows and averring the following:

I.

Made Defendant herein is the following:

(A) **STATE FARM FIRE AND CASUALTY COMPANY** (hereinafter referred to as "STATE FARM") subscribing to Policy Number 18-EX-1084-7 issued to Plaintiff for the period encompassing the date of loss believed to have been October 19, 2023, a foreign entity and insurer authorized to do and doing business in the State of Louisiana, who provided insurance to Plaintiff, insuring Plaintiff's residence, property, and premises at 4956 Folse Drive, Metairie, LA, 70006, and who may be served with process through its registered agent as listed in the service request at the end of this Petition.

II.

Petitioner avers that venue is proper in Jefferson Parish pursuant to Louisiana Code of Civil Procedure Article 76, because the insured under the insurance policy at issue in this litigation is Plaintiff, and an action on an insurance policy may be brought in the parish where the loss occurred or the insured is domiciled. Plaintiff avers that Plaintiff is domiciled in the Parish of Jefferson and that the losses occurred in the Parish of Jefferson.

III.

Plaintiff, at all relevant and material times herein, made his primary residence at 4956 Folse Drive, Metairie, LA, 70006 (hereinafter referred to as "the Property").

1



**Exhibit A - Petition for Damages**
11/18/2024 09:59:03 CERTIFIED TRUE COPY  Pg:1 of 10 - Jefferson Parish Clerk of Court - ID:24280175
Claim #18-57W4-26H
December 31, 2024
95

## IV.

At all material times mentioned herein, Plaintiff had in effect a homeowners property insurance policy providing coverage over the Property, provided by Defendant. Defendant provided an insurance policy to Plaintiff covering Plaintiff's dwelling, other structures, personal property, contents, and loss of use, among other enumerated items. That policy, identified by policy number 18-EX-1084-7, is at issue in this litigation.

## V.

Plaintiff paid a premium to Defendant for their promise to compensate the Plaintiff in the event of a covered loss.

## VI.

At all material times hereto, Defendant had in full force and effect a homeowners property insurance policy to insure the premises, personal property, contents, dwelling, other structures, and loss of use, and the Property from, *inter alia*, the perils of wind, water damage, mold, structure damage, and all other consequences of those causes. Said policy was identified as policy number 18-EX-1084-7, with Defendant.

## VII.

Plaintiff paid all premiums and other assessments to Defendant in order to maintain the homeowners property insurance over the Property for the effective period, which encompassed October 19, 2023.

## VIII.

Plaintiff entered into the contract of insurance with the reasonable expectation that in return for the payment of the premium, Defendant would abide by the terms of their policy and pay for any covered losses that may occur.

## IX.

On or about October 19, 2023, while the policy was in full force and effect, the insured premises sustained significant damages resulting from a sudden and catastrophic leak. Damage was caused to the Property, causing damage to the interior of the building, in addition to damaging the personal property, contents, dwelling, and other structure(s), and restricted the use of the Property by Plaintiff.

2

X.

Plaintiff took all reasonable steps and measures to mitigate the damages suffered by Plaintiff, and began mitigating the loss(es) as soon as possible, in compliance with the policy of insurance, of Defendant.

XI.

Following the incident, Plaintiff properly made a claim for insurance proceeds under the homeowners property insurance policy with Defendant.

XII.

Plaintiff avers that he timely and properly provided notice to Defendant, of the claim.

XIII.

Plaintiff is entitled to recovery of all benefits due under the policy resulting from the damage to the insured premises, including, but not limited to, the damage to and losses of the dwelling, personal property, and are entitled to be compensated for their loss of use of the Property.

XIV.

Defendant assigned Plaintiff's claim a claim number of 18-57W4-26H. Thereafter, Defendant had a duty to thoroughly inspect the Property.

XV.

Defendant's inspection of the Property, together with written documentation, records, and materials provided by Plaintiff, constituted *satisfactory proof of loss*, as that term is used in Louisiana's bad faith statutes, Louisiana Revised Statute §22:1892 and Louisiana Revised Statute §22:1973. Defendant was given full cooperation and full access to inspect the insured premises, the dwelling, contents, and personal property of Plaintiff. Defendant has had ample opportunity to view the extensive damage to the property.

XVI.

Under Louisiana Revised Statute §22:1892, insurers must pay the amount of any claim due to any insured within thirty (30) days after receipt of satisfactory proof of loss from the insured or any party in interest. Under Louisiana Revised Statute §22:1892, all insurers must make a written offer to settle any property damage claim, within thirty (30) days after receipt of satisfactory proof of loss of that claim.

3

## XVII.

The arbitrary, capricious, or without probable cause failure to comply with Louisiana Revised Statute §22:1892 subjects the insurer, Defendant, to a penalty, in addition to the principal amount of loss, of fifty percent (50%) on the amount found to be due from the insurer to the insured, or $1,000.00, whichever is greater. If partial payment of an unconditional tender is made, the penalty is fifty percent (50%) of the different between the amount paid or tendered and the amount due. These penalties owed are in addition to reasonable attorney's fees and costs.

## XVIII.

Under Louisiana Revised Statute §22:1973, insurers have an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the amount of any claim due to any person insured by the contract within sixty (60) days after satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause is a breach of the insurer's affirmative duty, pursuant to Louisiana Revised Statute §22:1973.

## XVIX.

In addition to any general or specific damages to which the insured is entitled to, a breach of the 60-day timeline subjects the insurer to penalties in an amount not to exceed two (2) times the damages sustained or $5,000.00, whichever is greater. Louisiana Revised Statute §22:1973

## XX.

An insurer has satisfactory proof of loss once it has sent an adjuster to inspect the property, even if the adjuster provides an incomplete report, because the insurance company had the opportunity to discover the extent of the damages. *J.R.A. Inc. v. Essex Ins. Co.*, 2010-0797 (La.App. 4 Cir. 5/27/11), 72. So.3d 862; *see also Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La.App. 4 Cir. 6/19/13), 119 So.3d 930.

## XXI.

The statutory timeline starts from the initial inspection and not from any final report by the insurer. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La.App. 4 Cir. 6/19/13), 119 So.3d 930.

4



#### XXII.

In compliance with their duty, Plaintiff has cooperated with Defendant, making the property fully and completely available for viewing of the physical loss evidence of both the dwelling, and damaged/lost personal property.

#### XXIII.

Defendant and their consultants and agents knew or should have known that the undisputed amount of a claim must be disbursed and unconditionally tendered, and cannot be delayed because other portions of the claim have not been decided. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La.App. 4 Cir. 6/19/13), 119 So.3d 930.

#### XXIV.

In addition to the proof of loss evidenced on inspection and other information provided, informal but insufficient satisfactory proof of loss packages with evidence of losses were provided to Defendant, and their consultants, throughout October, November and December of 2023, as well as throughout 2024, to date.

#### XXV.

The proof of loss submissions provided satisfactory proof of loss in so far as it contained all of the Plaintiff's investigation of the claim and sufficient information providing the extent of the losses and damages sustained by Plaintiff, to allow the Defendant to make a determination on the loss.

#### XXVI.

Defendant has failed to timely and reasonably adjust the losses and respond to Plaintiff's various and continuous productions of *satisfactory proof of loss*.

#### XXVII.

Despite Defendant's failure to timely pay the evidenced loss, in full, Plaintiff has continued to work with Defendant and their agents and consultants to ensure compliance with their duties under the policy. This cooperation in no way waives Defendant's duties under the law.

#### XXVIII.

Defendant has continued to unreasonably refuse to pay the undisputed portion of the claim, which is arbitrary, capricious, and without probable cause.



**Exhibit A - Petition for Damages**
11/18/2024 09:59:03 CERTIFIED TRUE COPY Pg:5 of 10 - Jefferson Parish Clerk of Court - ID:24280175
Claim #18-57W4-26H
December 31, 2024
99

#### XXVIX.

Defendant breached the terms of the insurance policy, which is a contract, when Defendant unjustifiably failed and/or refused to perform its obligations in accordance with its policy and Louisiana law by failing to pay for all benefits due to Plaintiff.

#### XXX.

By virtue of the breach of contract, Defendant is liable to and owes Plaintiff for the actual damages sustained as foreseeable and a direct result of the breach and all other damages the Plaintiff may prove as allowed by the law.

#### XXXI.

Defendant received satisfactory proof of loss indicating the insurance benefits due to Plaintiff but failed to timely investigate and settle the loss. Failure to make such a payment within thirty (30) days was arbitrary, capricious, and without probable cause, subjecting Defendant to a penalty, in addition to the amount of the loss, fifty percent (50%) of damages on the amount found to be due from the insurer to the insured, as well as reasonable attorney's fees and costs pursuant to Louisiana Revised Statute §22:1892.

#### XXXII.

In addition, Defendant owes Plaintiff as an affirmative duty, that it will adjust claims fairly and promptly and to make a reasonable effort to settle such claims but breached that affirmative duty by failing to pay the amount due on this claim within sixty (60) days of receiving satisfactory proof of loss by acting in an arbitrary, capricious, and without probable cause manner, subjecting Defendant to a penalty of two times the amount of damages sustained, which is greater than $5,000.00, pursuant to Louisiana Revised Statute §22:1973.

#### XXXIII.

As a result of the actions and inactions of Defendant, Plaintiff has suffered the following non-exclusive list of damages, past, present, and future in amounts reasonable:

a. Repair and remediation expenses;

b. Loss of personal property and loss of contents;

c. Damage to their dwelling;

d. Loss of use of their dwelling;

e. Inability to make appropriate repairs and take complete remediation efforts due to inadequate and untimely insurance payments;

6



**Exhibit A - Petition for Damages**

 f.  Diminution of value to the Property.

 g.  Mental anguish;

 h.  Attorney's fees and penalties;

 i.  Costs of litigation and any pre-litigation costs related to Defendant's failure to make adequate and timely insurance payments;

 j.  All other losses will be proven through discovery or at the trial of this matter.

### XXXIV.

Plaintiff also maintains this cause of action under Louisiana's doctrine of detrimental reliance, pursuant to Article 1967 of the Louisiana Civil Code, because Plaintiff relied to their detriment on assurances made by Defendant that the payment of premiums to Defendant for homeowners property insurance coverage would entitle the Plaintiff to recover insurance proceeds for damages caused by this sudden and catastrophic leak.

### XXXIX.

WHEREFORE, Plaintiff herein, **CHRISTIAN COMARDA** prays that this petition be filed into the record, that Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**, be cited to appear and answer same, that trial be had, and after due proceedings are had, there be Judgment rendered in favor of Plaintiff, **CHRISTIAN COMARDA,** and against Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**, for all damages as requested in this matter, together with judicial interest, attorney's fees, and costs as Plaintiff may be entitled under the law.

Respectfully submitted,

COSSÉ LAW FIRM, LLC

*[signature]*

Jake J. Weinstock, La Bar #37352
Irvy E. Cossé, III, La Bar #23694
1515 Poydras Street, Suite 1825
New Orleans, Louisiana 70112
Telephone: (504) 588-9500
Facsimile: (504) 588-2114
jweinstock@cosselaw.com
*Attorneys for Petitioner,*
*Christian Comarda*

SERVICE INSTRUCTIONS ON NEXT PAGE:



**PLEASE SERVE:**

**STATE FARM FIRE AND CASUALTY COMPANY**
Through its registered agent:
**Louisiana Secretary of State**
8585 Archives Avenue
Baton Rouge, LA 70809

8

**Exhibit A - Petition for Damages**
11/18/2024 09:59:03 CERTIFIED TRUE COPY - Pg:8 of 10 - Jefferson Parish Clerk of Court - ID:24280175
11
**Claim #18-57W4-26H**
**December 31, 2024**
102

24th E-Filed: 10/18/2024 15:02 Case: 858920 Div:J Atty:023694 IRVY E COSSE III

JON A. GEGENHEIMER

NANCY LANDRY
SECRETARY OF STATE
P.O. BOX 94125
BATON ROUGE, LA 70804-9125

9489 0090 0027 6567 7054 91



FIRST-CLAS





**Exhibit A - Petition for Damages**
**12**
**Claim #18-57W4-26H**
**December 31, 2024**
**103**